OPINION
{¶ 1} This case is before us on the appeal of Samuel and Bessie Moore from a trial court decision granting summary judgment in favor of their automobile insurer, Allstate Insurance Company ("Allstate"). The Moores were involved in an auto accident on March 3, 1999, while Mr. Moore was driving their 1997 GMC Sierra pickup truck. When Moore attempted to go through an intersection, his truck collided with an automobile driven by Matthew Davies, who was uninsured. Some dispute exists about the facts of the accident. While Mr. Moore claimed the traffic light was green when he entered the intersection, both Davies and an independent witness claimed that Moore ran a red light.
 {¶ 2} Both Mr. and Mrs. Moore were apparently injured in the auto accident. Initially, they filed suit against Davies for personal injuries and loss of consortium, and also sued Allstate for uninsured motorists ("UM") benefits. However, after the lawsuit was filed, Mr. Moore died from causes unrelated to the accident. An amended complaint was then filed, omitting Mr. Moore's claims. Subsequently, a second amended complaint was filed, which included Mr. Moore's claims despite the fact that no party had been substituted for the decedent. This deficiency is not presently critical because the case was resolved by a grant of summary judgment in Allstate's favor, and it is clear that Mrs. Moore is primarily prosecuting the case on her own behalf. As a result, and for purposes of convenience, we will refer primarily to Mrs. Moore when we speak of the appellant or the claims of the appellant.
 {¶ 3} In support of the appeal, Mrs. Moore raises the following assignments of error:
 {¶ 4} "I. The trial court erred as a matter of law in granting summary judgment to the Defendant-Appellee, Allstate Insurance Company, because Allstate did not identify portions of the record demonstrating a lack of a triable issue as it failed to submit evidence in support of its motion for summary judgment.
 {¶ 5} "II. The trial court erred as a matter of law in granting summary judgment to the Defendant-Appellee, Allstate Insurance Company, because ambiguous policy language reveals a genuine issue of material fact whether the Plaintiff-Appellant was entitled to uninsured motorists coverage."
 {¶ 6} After considering the record and applicable law, we find that the first assignment of error has merit. Accordingly, the judgment in Allstate's favor will be reversed and this case will be remanded to the trial court for further proceedings.
 I {¶ 7} As we mentioned, a dispute exists concerning which party (Mr. Moore or Matthew Davies) was responsible for the accident. However, the dispute is irrelevant for purposes of this appeal, which comes to us on a Civ. R. 54(B) certification. Specifically, the parties have assumed that Mr. Moore was negligent, with the issue then becoming whether Mrs. Moore can recover UM benefits under the Allstate policy. The trial court found that Mrs. Moore was not entitled to UM coverage because the Allstate policy excludes such coverage for vehicles that are covered under the liability portions of the policy.
 {¶ 8} In the first assignment of error, Mrs. Moore contends that summary judgment was improper because Allstate failed to properly certify part of the insurance policy. Mrs. Moore also claims that Allstate failed to point to any evidence indicating that she received the pertinent insurance form before February 23, 1999.
 {¶ 9} We review summary judgment decisions de novo, which means that "we apply the standards used by the trial court."Brinkman v. Doughty (2000),140 Ohio App.3d 494, 496. Summary judgment is appropriately granted where the trial court finds: "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 10} The record in this case indicates that Allstate filed a motion for summary judgment supported by the affidavit of Mike Austria, who was the adjuster assigned to Mrs. Moore's claim. Austria's affidavit identified copies of a declarations page, endorsements, and insurance policy that were attached to the affidavit. These documents were issued to the Moores for the policy period covering the automobile accident, i.e, February 23, 1999 to August 23, 1999. One of the attached parts was "form PDU89," which amended the UM section of the policy (Part 3). The policy itself was designated as "form PDU40" both on the declarations page and on the policy, which consisted of a cover page and 21 pages of policy provisions.
 {¶ 11} In responding to summary judgment, Mrs. Moore questioned whether PDU89 was even effective, based on the holdings in Wolfe v. Wolfe, 88 Ohio St.3d 246, 2000-Ohio-322, and Ross v. Farmers Ins. Group of Cos., 82 Ohio St.3d 281,1998-Ohio-381. Specifically, under Wolfe, automobile liability insurance policies have guaranteed two-year policy periods "during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39." 88 Ohio St.3d at paragraph 1 of the syllabus. The beginning of each two-year renewal period brings into effect a new policy of insurance. Id. at paragraph three of the syllabus. Moreover, the two-year renewal periods are calculated by referring back to the date the original policy was issued. Id. at 250. In the same vein, Ross teaches that the statutory law in effect on the issue date of each new policy is to be applied.82 Ohio St.3d 281-82, at syllabus.
 {¶ 12} Upon investigation, Allstate determined that the last renewal date of the Moores' policy would have been February 23, 1998. Accordingly, Allstate filed an affidavit from another claims adjuster (Mark Slough), who testified about the original inception date of the policy (February 23, 1984) and the renewal date of February 23, 1998. Slough testified that the two year term that began on February 23, 1998, included PDU40. He also identified the form PDU40 previously attached to Austria's affidavit as having been included in the policy that was effective on February 23, 1998.
 {¶ 13} As we mentioned, Mrs. Moore claims that Allstate improperly failed to attach the declarations sheet for the policy that was issued on February 23, 1998. Under Civ. R. 56(E), affidavits supporting or opposing summary judgment:
 {¶ 14} "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."
 {¶ 15} The Ohio Supreme Court has said that the verification required by Civ. R. 56(E) "is satisfied by an appropriate averment in the affidavit itself." State ex rel. Corrigan v.Seminatore (1981), 66 Ohio St.2d 459, paragraph three of the syllabus. Further, the requirement for sworn or certified copies "is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions." Id. at 467.
 {¶ 16} Although these requirements appear to have been met, Mrs. Moore argues that the testimony of the second adjuster (Slough) was ineffective because the "best evidence rule" in Evid. R. 1002 requires production of the February 23, 1998 declarations page, rather than Slough's "interpretation" of the policy. We are not completely persuaded that this is anything more than a technicality. Nonetheless, we have reluctantly decided to reverse and remand this case for proper identification of the declarations page, endorsements, and policy issued on the most recent renewal date, i.e., February 23, 1998.
 {¶ 17} Under Evid.R. 1002, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio." However, the Rules of Evidence also say that duplicates are admissible to the same extent as originals. Evid. R. 1003. See, also, Staff Notes to Evid.R. 1002.
 {¶ 18} As a result, copies of the Moore's insurance policy were admissible to the same extent as the originals would have been. Further, Austria's initial identification of the copies of the February 23, 1999 insurance policy satisfied the verification requirement. Unfortunately, while Slough subsequently testified that the February 28, 1998 policy included PDU40, the rest of the 1998 policy, including any applicable endorsements and the declarations page, was not provided.
 {¶ 19} As we said, we do not consider Slough's statement to be an "interpretation" of the policy. Nonetheless, we are troubled when trial court records are incomplete. More important, this is not something we can choose to ignore. If Mrs. Moore had failed to object at the trial court level, we could have found that the court appropriately exercised its discretion by considering a policy that was not properly submitted. See,e.g., Smith v. GuideOne Ins., Franklin App. No. 02-AP1096, 2003-Ohio-4823, at ¶ 15. However, since an objection was lodged below, we cannot ignore the point. In the interest of accuracy, and bearing in mind that the burden of proof on summary judgment is on the movant, we will remand this case to allow Allstate to supplement the record with an appropriately certified copy of the declaration sheet, policy, and endorsements in effect at the time of the last two-year renewal on February 23, 1998. The trial court can then consider whatever issues the parties call to its attention on remand, based on a complete record.
In light of the preceding discussion, the first assignment of error has merit and is sustained.
 II {¶ 20} In the second assignment of error, Mrs. Moore contends that ambiguous policy language creates a genuine issue of material fact concerning whether she is entitled to UM coverage. This assignment of error is presently premature, or moot, due to our resolution of the first assignment of error. In view of the uncertainty about the content of the declarations page and any applicable endorsements, any opinion we might render would be based strictly on speculation about the content of the policy. The second assignment of error, therefore, is overruled as moot.
 {¶ 21} Based on the preceding discussion, the first assignment of error is sustained and the second assignment of error is moot. Accordingly, the judgment of the trial court is reversed and this case is remanded for further proceedings.
Wolff, J., and Young, J., concur.